UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RACHEL H. L.,

           Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. 2:18-CV-01516-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of her application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 4.

The parties agree the Administrative Law Judge ("ALJ") committed reversible error. As there are no outstanding issues to be resolved and it is clear Plaintiff would be found disabled if Dr. Tracy Gordy, M.D.'s opinion is credited as true, the Court remands this case for an award of benefits pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On March 23, 2012, Plaintiff filed an application for SSI, alleging disability beginning January 1, 1992. *See* Dkt. 9, Administrative Record ("AR") 1511. The application was denied upon initial administrative review and on reconsideration. *See* AR 1511. After holding an administrative hearing, ALJ Glen G. Meyers issued a decision on January 11, 2013 finding Plaintiff not disabled. AR 36-88, 1683-1707. The Appeals Council vacated the January 2013 decision and remanded the case to an ALJ for further proceedings. AR 176-79. On remand from the Appeals Council, ALJ Meyers held a second administrative hearing. AR 89-132; *see also* AR 1511. In a decision dated October 31, 2014, ALJ Meyers again found Plaintiff was not disabled. AR 11-34; *see also* AR 1511. The Appeals Council denied Plaintiff's administrative appeal. *See* AR 1-6. Plaintiff appealed to the United States District Court for the Western District of Washington ("District Court"); the District Court remanded the case to the Commissioner for further proceedings. *See* AR 1718-27.

On remand from the District Court, the Appeals Council vacated the October 2014 decision and remanded the case to an ALJ for further proceedings. AR 1733-36. ALJ Kelly Wilson held an administrative hearing on November 18, 2016. AR 1544-1612. No decision was rendered. ALJ Rebecca L. Jones then held an administrative hearing and a supplemental hearing. AR 1613-1643, 1644-1682. ALJ Jones issued the third ALJ decision in this matter on August 13, 2018, finding Plaintiff not disabled. AR 1511-32. Plaintiff now appeals ALJ Jones's August 13, 2018 decision, which is the final decision of the Commissioner.[1]

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Jones's August 13, 2018 decision.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly determining Plaintiff's use of marijuana was a factor material to her disability; (2) violating the law of the case doctrine; (3) improperly evaluating the medical evidence; (4) improperly evaluating Plaintiff's testimony; (5) improperly evaluating the lay evidence; (6) improperly determining Plaintiff did not meet a Listing; and (7) failing to properly assess Plaintiff's residual functional capacity. Dkt. 15, pp. 1-2. Plaintiff requests the Court remand this case for an award of benefits. *Id*. at pp. 27-28.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

Plaintiff and Defendant agree the ALJ committed reversible error. Dkt. 15, 18, 19. Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 15, 18, 19.

**I.      Credit-as-true**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*,

211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

In following the three-step inquiry, the Court finds the "credit-as-true" criteria have been satisfied in this case. First, the parties agree the ALJ committed reversible error and, thus, provided legally insufficient reasons for rejecting Plaintiff's evidence. Dkt. 18, 19.

Second, there are no outstanding issues that must be resolved before a disability determination can be made. On remand from the District Court, the Appeals Council directed the ALJ to offer Plaintiff a hearing and take any further action needed to complete the administrative record. AR 1735. Two ALJs held three additional administrative hearings and an impartial medical expert testified regarding Plaintiff's impairments. AR 1544-1682. Defendant requests

this case be remanded so the Appeals Council can consider if benefits should be awarded or if the case should be remanded to an ALJ for further proceedings. Dkt. 18. Defendant asserts that, if the case is remanded to an ALJ, the Appeals Council will instruct the ALJ to obtain additional evidence to clarify whether the severity of Plaintiff's impairments meet or equal a listed impairment and whether Plaintiff's substance use is material to a determination of disability. *Id*. at p. 2. However, the record contains evidence from an impartial medical expert stating Plaintiff's impairments meet or equal a listed impairment regardless of Plaintiff's substance use. *See* AR 1650-56. Defendant does not explain why the evidence in the record is not sufficient for a disability determination or explain what additional evidence must be obtained to resolve any outstanding issues. *See* Dkt. 18. Accordingly, the Court finds the record is fully developed and there are no outstanding issues that must be decided on remand. *See Young v. Comm'r Soc. Sec. Admin.*, 214 F. Supp. 3d 987, 1000 (D. Or. 2016) (finding the record was fully developed and no outstanding factual issues remained where the case had been remanded previously and four consultative examinations had been conducted).

      Third, it is clear from the record that the ALJ would be required to find the claimant disabled if the rejected evidence is credited as true. Here, the ALJ found Plaintiff's impairments, including the substance use disorder, meet section 12.06 of the Listings. AR 1515. However, the ALJ determined that, if Plaintiff stopped the substance use, there would be a significant number of jobs in the national economy Plaintiff could perform and she was, therefore, not disabled. AR 1516-32. The parties agree the ALJ failed to properly reject, among others, the opinion of an impartial medical expert, Dr. Tracy Gordy, M.D. *See* Dkt. 15, 18, 19. Dr. Gordy testified that Plaintiff met the criteria of Listing 12.05 and equaled Listing 12.06. AR 1529, 1652-53. Dr. Gordy considered Plaintiff's alcohol and marijuana use and opined that Plaintiff's substance use

is not material to this case. AR 1654-55. If Dr. Gordy's opinion is credited as true, Plaintiff meets a Listing, regardless of her substance use. *See Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001) (if a claimant's current limitations "would remain once he [or she] stopped using drugs and alcohol," and those limitations are disabling, "then drug addiction or alcoholism is not material to the disability, and the claimant will be deemed disabled"). Accordingly, the Court finds the "credit-as-true" criteria have been satisfied in this case. Further, the parties have failed to show, and the Court does not find, there is serious doubt Plaintiff is disabled. *See Garrison*, 759 F.3d at 1021.

## II. Exceptional Circumstances

In addition to finding all three "credit-as-true" criteria have been satisfied, the Court finds the exceptional facts of this case warrant an award of benefits. As discussed in the procedural background of this case, Plaintiff filed her application for SSI in March of 2012. *See* AR 307-15, 1511. Over the last seven and a half years, Plaintiff has appeared at four administrative hearings and one supplemental hearing. *See* AR 36-88, 89-132, 1544-1612, 1613-43, 1644-82. There have been three ALJ decisions issued by two different ALJs. AR 11-35, 158-75, 1508-43. Plaintiff's case has been remanded by the District Court on one occasion and by the Appeals Council on an additional occasion. AR 176-80, 1718-30. Further, the Commissioner has again conceded the ALJ committed harmful error in the most recent ALJ decision. *See* Dkt. 18.

With every remand, the record in the case appears to have become more convoluted with little apparent benefit. For example, to the extent Plaintiff and Plaintiff's various medical providers will be asked on remand to testify as to the nature and extent of Plaintiff's limitations, the proceedings would appear to be devoid of any useful purpose. The record contains the testimony of an impartial medical expert, who found Plaintiff substance use is immaterial in this

case. Defendant's request that this case be remanded for further proceedings to obtain additional evidence to clarify if Plaintiff's impairments meet a listed impairment and if DAA is material strongly resembles the "'heads we win; tails, let's play again' system of disability benefits adjudication" that has been roundly criticized by the Ninth Circuit. *Benecke*, 379 F.3d at 595. Therefore, the Court finds exceptional circumstances warrant remand for an award of benefits. *See Trevizo v. Berryhill*, 871 F.3d 664, 683 (9th Cir. 2017) (finding exceptional facts warranted benefits where the claimant was 65 years old, had been seeking benefits for over seven years, and had been unable to afford necessary treatment); *Smolen*, 80 F.3d at 1292 (remanding for benefits where the claimant had "already waited over seven years for her disability determination").

**III.     Conclusion**

In summation, the Court finds the "credit-as-true" test has been satisfied in this case. In addition, the exceptional facts of this case warrant an award of benefits. Accordingly, this case is remanded for an award of benefits. *See Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (noting a Court may exercise its discretion to remand a case for an award of benefits "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.") (internal citations and quotations omitted); *Ingram v. Barnhart*, 72 Fed. App'x 631, 637-38 (9th Cir. 2003) (awarding benefits where it was clear the claimant was entitled to SSI benefits had the examining physician's opinion that the claimant would be disabled even if her substance abuse was successfully treated had been properly credited);

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. The Court finds remand for an award of benefits is appropriate.

Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for an award of benefits.

Dated this 25th day of September, 2019.

David W. Christel
United States Magistrate Judge